FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAJZI, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-CV-03006-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR IMMEDIATE CALCULATION OF BENEFITS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Steven S. (Plaintiff); Special Assistant United States Attorney Justin Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for the calculation of benefits, pursuant to 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on July 27, 2015, alleging disability since September 1, 2012,[1] due to high blood pressure,

---
[1] Plaintiff later amended his alleged onset date to June 1, 2016. Tr. 88.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

anxiety, herniated lumbar discs, transverse process fracture in the lumbar spine, depression, and issues with his hips. Tr. 164-65. The application was denied initially and upon reconsideration. Tr. 220-25, 232-38. Administrative Law Judge (ALJ) Eric Basse held hearings on September 8, 2017 and February 23, 2018, Tr. 40-82, 83-121, and issued an unfavorable decision on May 25, 2018. Tr. 190-210. The Appeals Council remanded the case for further proceedings on August 5, 2019. Tr. 211-15.

ALJ Richard Hlaudy held a remand hearing on June 17, 2020, Tr. 122-62, and issued another unfavorable decision on July 24, 2020. Tr. 15-30. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on December 2, 2020. Tr. 1-5. The ALJ's July 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 19, 2021. ECF No. 1.

## II.   STATEMENT OF FACTS

Plaintiff was born in 1968 and was 46 years old when he filed his application. Tr. 29. He has a GED and has worked primarily as a laborer and in warehouse positions. Tr. 44, 89-90, 636. In 2012 he had an on-the-job injury to his back. Tr. 137, 991. He has not worked since then other than a few days at Burger King in 2018, where he reinjured his back slipping on the floor. Tr. 136-37, 991. He has reported severe ongoing back pain, limiting his ability to sit, stand, or walk for any extended period of time, and that his pain and inability to work have caused severe depression and anxiety. Tr. 53-54, 92, 143-44, 151-52.

## III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to

the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On July 24, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-30.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, depression, anxiety, hypertension, carpal tunnel syndrome, and migraines. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently, can stand and/or walk for two hours in an eight-hour day, and can sit for about six hours in an eight-hour day with normal breaks. He can occasionally climb ramps and stairs, cannot climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, and crawl. He can frequently reach in all directions, handle and finger, must avoid concentrated exposure to vibrations, and must avoid all exposure to hazards. The claimant is capable of simple, routine tasks and can have occasional interaction with coworkers and the public.

Tr. 21.

At *step four*, the ALJ found Plaintiff was unable to perform his past relevant work as a forklift operator. Tr. 28.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of garment sorter, basket filler, and egg sorter. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 30.

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.Plaintiff contends the Commissioner erred by: (1) improperly assessing Plaintiff's subjective complaints; (2) improperly evaluating medical opinions; (3) failing to conduct an adequate step three analysis; (4) making inadequate step five findings; and (5) failing to properly assess the Grid Rules.

## VII.   DISCUSSION

**A.   Step Three.**

Plaintiff argues the ALJ erred in failing to find Plaintiff's condition met or equaled Listing 1.04A for disorders of the spine. ECF No. 16 at 17-18.[2]

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in

---

[2] The Listings have since been amended to eliminate this section, though it was in effect at the time of adjudication. The language of the former listing is available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0434121013.

Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant's condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

> Listing 1.04A regarding disorders of the spine requires:
>
> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A.   Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Part 404, Subpart P, Appendix 1, sec. 1.04 (hereinafter "Listing 1.04").

The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments. Tr. 19. Specifically, he found Plaintiff's back disorder did not meet Listing 1.04 because the record did not contain evidence of a compromised nerve root or spinal cord with any nerve root compression accompanied by muscle weakness and/or atrophy.[3] *Id.* In addition, the ALJ found Plaintiff had normal

---

[3] The ALJ also found the record did not contain evidence of the requirements of Listing 1.04B or 1.04C. Tr. 19. Plaintiff does not challenge these findings and does not argue that his condition meets either of those subsections.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

muscle tone and bule, normal sensation, and normal strength in his lower extremities bilaterally. *Id.*

Plaintiff argues the ALJ erred, as the record reflects evidence of each of the elements of Listing 1.04A. ECF No. 16 at 17-18. Defendant argues Plaintiff fails to point to sufficient exam findings documenting each of the requirements of the listing. ECF No. 17 at 13-14.

The Court finds the ALJ erred. The ALJ did not discuss the requirements of the listing in any detail. The record contains evidence of each of the elements of the listing: imaging has demonstrated moderate degenerative changes at L4-S1 with significant disc bulging and encroachment on the central canal and lateral recesses (Tr. 916) along with intervertebral disc space narrowing, misalignment, osteophytosis, and foraminal encroachment throughout the lumbar spine (Tr. 995). The records document neuro-anatomic distribution of pain consistent with lumbar impairment (Tr. 778, 786, 818, 859, 916, 953, 993), limitation of motion of the spine (Tr. 755, 779, 807, 919, 940, 994, 1005, 1033, 1052, 1082), motor loss (muscle weakness) accompanied by sensory and reflex loss (Tr. 783, 860, 869, 872-73, 875), and positive straight-leg raising tests (Tr. 697, 783, 787, 900, 917, 994, 1005, 1033). The record therefore demonstrates all of the elements of Listing 1.04A, requiring a finding of disability at step three.

## VIII. CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. The Court finds this to be the case. All elements of Listing 1.04A are documented in the record. Therefore, remand for an immediate calculation of benefits is the proper

remedy, and the Court finds it unnecessary to address the remainder of Plaintiff's assignments of error.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE